IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

ENTERED
04/10/2014

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| ROBERT STANLEY OTT and | ) | CASE NO. 12-80526-G3-13 |
| MARILYN K. OTT, | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | |

## MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Debtors' Motion for Permission to Deviate from the Standard Chapter 13 Plan Terms" (Docket No. 73). At the hearing, Shana Hansen announced a request to withdraw the proof of claim she has filed in the instant case. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the Debtors' motion, and denying without prejudice the oral motion of Shana Hansen. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

## Findings of Fact

Robert Stanley Ott and Marilyn K. Ott ("Debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on October 11, 2012. William E. Heitkamp ("Trustee") is the Chapter 13 Trustee.

On February 1, 2013, Shana Hansen filed a proof of claim, asserting a claim in the amount of $3.5 million. In the attachment to her proof of claim, Hansen asserts that Mr. Ott fired a shotgun into the truck of Hansen's husband, killing him. She asserts that she filed a wrongful death suit, in the 212th Judicial District Court of Galveston County, Texas, prior to the filing of the petition in the instant case.

Hansen was represented in state court by Michael Aldous. Aldous apparently filed the proof of claim in the instant case on Hansen's behalf, and additionally filed a proof of claim on his own behalf, in the amount of $3.5 million, arising from the same alleged wrongful death claim.

Debtors initially objected to Hansen's claim (Docket No. 39), but subsequently withdrew the objection to claim. (Docket No. 63). Trustee filed an objection to Hansen's claim, asserting that liquidation of the claim would unduly delay administration of the case, and requesting that the court estimate Hansen's claim. Trustee did not plead a substantive objection to allowance of Hansen's claim. (Docket No. 94).

Although Aldous initially appeared for Hansen on Debtors' objection to Hansen's claim, Hansen subsequently has appeared pro se.

At the hearing on the instant motion, which was set at the same time as the hearing on Trustee's objection to Hansen's

2

claim, Hansen stated that she had conferred with counsel for Trustee, who had advised her that she should withdraw her claim and file a motion for relief from stay.  Hansen expressed at that time a request to withdraw her proof of claim.

Debtors' Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income ("B22C") (Docket No. 15) indicates that Debtors had monthly income of $25,031.90 during the six months previous to the petition date in the instant Chapter 13 case.  Debtors indicate in their Form B22C that they are allowed deductions from income totaling $17,396.85.  Debtors' B22C indicates a monthly disposable income of $7,635.05.  (Docket No. 15).

Debtors filed their second amended Chapter 13 plan (Docket No. 71) on July 10, 2013, along with the instant motion. In the instant motion, Debtors seek approval of a total plan payment of $3,775 per month.[1]  Debtors assert that, as shown on their most recent amendments to Schedules I and J, their monthly income totals $22,581.06, and monthly expenses total $18,806.06.

Debtors assert in the instant motion that Form B22C does not reflect Debtors' actual income, because it includes Mr. Ott's overtime for a shutdown that occurred during the six months prior to the petition date in the instant case.  Debtors assert

---

[1]Debtors' plan proposes that they make payments to the Chapter 13 Trustee for 60 months.

that Mr. Ott does not expect more overtime until 2016, and that a
bonus in the amount granted to Mr. Ott prepetition is not
guaranteed to continue postpetition.  (Docket No. 73).

Hansen, pro se, opposes the instant motion.  Hansen
asserts that Debtors' contentions regarding reductions to their
future income are speculative.

Mr. Ott testified that he underwent emergency surgery
after he suffered ruptured ulcers and a hiatal hernia during
July, 2013.  He testified that he was unable to work for four to
six weeks after he was hospitalized.  He testified that he no
longer is scheduled for overtime work.  He testified that he
expects overtime work during 2016.

Mr. Ott and Mrs. Ott both testified that their
disposable income is now $3,775 per month.  They did not present
testimony or documentary evidence of their actual income and
expenses.

Debtors' Schedule I indicates that Debtors have monthly
take home pay from employment totaling $9,303.00, plus additional
income of $10,928.04 from a fish camp business, $3,024.35 in
pension or retirement income, and a $520 reimbursement from their
daughter for payment on a vehicle, for a total of $23,775.39.
Debtors' Schedule J indicates that they have expenses of
$20,000.39 per month, including $10,320.85 related to the
business.  Debtors' scheduled expenses include $1,288.84 per

4

month related to a second home, and $620.76 per month related to
ownership of a recreational vehicle.  Debtors also have expenses
of $75 per month for two timeshares.  (Docket No. 92).

Debtors have proposed a plan calling for Debtors to pay
$2,635 per month for nine months, plus $3,775 per month for 51
months, for a total of $216,240, to the Chapter 13 Trustee.  The
plan calls for distributions, after a deduction of the Chapter 13
Trustee's fee, of $91,908.18 in mortgage and arrearage payments
on Debtors' homestead, and $2,525 to Debtors' counsel, leaving
$108,940.69 for unsecured claims.

Conclusions of Law

Bankruptcy Local Rule 3015-1(a)(2) provides in
pertinent part that, unless the court grants leave from this
requirement, use of the uniform plan is mandatory.  Leave will
not be granted "[a]bsent exceptional circumstances related to the
particular Chapter 13 case."  BLR 3015-1(a)(2).

The purpose of having the uniform plan is to assist
debtors in clearly and uniformly setting forth the proposed
treatment of creditors.  In re Ortega Rodriguez, 369 B.R. 333
(Bankr. S.D. Tex. 2007).

This court has stated that a debtor may move for
permission to deviate from the uniform plan in order to seek
confirmation of a plan which does not meet the presumptive test
of projected disposable income under Form B22C.  In re Knippers,

5

Case No. 06-34841-H3-13 (Bankr. S.D. Tex., Slip Op. 4/26/2007).

This court has not previously addressed the question of burden of proof, in determining whether to permit debtors to deviate from the uniform plan. Although confirmation was not set concurrently with the instant motion, Debtors in the instant case impliedly are seeking confirmation of a plan containing the non-standard terms they are seeking to include in a plan in the instant motion. Debtors have the burden of proof as to confirmation of the plan. In re Moore, 319 B.R. 504 (Bankr. S.D. Tex. 2005). The court concludes that Debtors have the burden of proof as to question of whether a variance should be granted under Bankruptcy Local Rule 3015-1(a)(2).

The question of whether there are exceptional circumstances related to the Chapter 13 case which warrant a variance from the uniform plan requires the court to consider the totality of circumstances regarding the instant case. The instant motion involves two logically separate contentions by Debtors. First, they contend that their projected disposable income is less than that calculated using Form B22C. Second, they contend that they should be permitted to pay less than their projected disposable income to unsecured creditors. As to the first contention, the evidence is inconclusive. Debtors' testimony establishes that there has been some reduction in their income. However, Debtors' testimony did not quantify the

reduction in their income, and did not address expenses, other
than their conclusory testimony, on leading questions by their
attorney, that their disposable income is now $3,775 per month.
As to Debtors' second contention, Debtors' testimony does not
establish exceptional circumstances warranting a departure from
the requirement to use the uniform plan.  The court notes that
Debtors' scheduled expenses appear to include nearly $2,000 per
month in luxury expenses for a second home, recreational vehicle,
and timeshare interests.  The court also notes the allegation
raised by Hansen that Mr. Ott murdered her husband.  The court
concludes, based on the totality of circumstances as established
by the evidence, that Debtors have failed to meet their burden of
proof as to exceptional circumstances related to the Chapter 13
case which warrant a variance from the uniform plan.

        As to the question of whether Hansen should be
permitted to withdraw her proof of claim, Hansen asserted that
she was advised by counsel for Trustee, who had objected to her
claim, that she should withdraw her claim.  The court notes that
the question of whether the stay should be lifted (on an
appropriate written motion for relief from stay filed by Hansen
in compliance with the Bankruptcy Code, Bankruptcy Rules, and
Bankruptcy Local Rules) is logically independent of the question
of whether the claim filed by Hansen should be estimated and/or
allowed.  It appeared from Hansen's statements in court that she

7

has not received legal advice (other than that given to her by counsel for an adverse party) with respect to the consequences of withdrawing her proof of claim.  Moreover, although the Trustee's objection to Hansen's claim requested estimation of the claim, it does not appear to state a substantive reason for disallowance of the claim.  The court concludes that Hansen's oral motion to withdraw her proof of claim should be denied without prejudice to the filing of a written motion, in compliance with the Bankruptcy Code, Bankruptcy Rules, and Bankruptcy Local Rules, if Hansen, after reflection, determines that filing such a motion is in her best interest.

Based on the foregoing, a separate Judgment will be entered denying "Debtors' Motion for Permission to Deviate from the Standard Chapter 13 Plan Terms" (Docket No. 73), and denying without prejudice the oral motion of Shana Hansen to withdraw her proof of claim.

Signed at Houston, Texas on April 10, 2014.


LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

8